In re Dennis M. BURGESS, Debtor.

Dennis M. BURGESS, Plaintiff,

v.

BANK ONE CLEVELAND, N.A., Defendant.

Bankruptcy No. 96–13549.

Adversary No. 96–1252.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Jan. 10, 1997.

Dennis M. Burgess, Richmond Hts., OH, pro se.

Richard A. Baumgart, Dettelbach, Sicherman, & Baumgart, Cleveland, OH, for Defendant.

*MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

In this voluntary Chapter 7 proceeding, Dennis M. Burgess (the Debtor) seeks to

have the Court determine the dischargeability of five (5) student loans he obtained under the Parental Loans for Students (PLUS) program to defray educational costs for his two sons while in college. He seeks this determination under the hardship discharge provisions of 11 U.S.C. 523(A)(8)(B) of the Bankruptcy Code.[1] Upon the conclusion of a trial and consideration of the arguments of counsel, the evidence adduced, and the record, generally, the subject loans are hereby determined to be nondischargeable obligations of the Debtor.

The dispositive facts are generally not in dispute. The Debtor, a fifty-three (53) year old certified public accountant, procured five (5) PLUS loans to defray costs of his two sons' college education. Upon filing his voluntary petition for relief, he scheduled the five loans on his petition showing the earliest loan being applied for on July 21, 1988, 1989 and the last on July 5, 1990. Beginning on November 10, 1994, the Debtor requested a total of three (3) loan repayment forbearances. Each was approved. In response to the Debtor's Complaint To Determine Dischargeability, United Student Aid Funds, Inc. (USA Funds), the assignee of Defendant Bank One Cleveland, N.A. (the Bank), challenged the Debtor's attempt to have the subject loans discharged and this action ensued.

■ In order to resolve this matter, the Court must determine whether the Debtor is undergoing a hardship sufficient to warrant a discharge of the subject loan balances. As an attempted exception to discharge, the burden of proof is upon the Complainant Debtor who must meet his burden by a preponderance of the evidence standard. See, *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Section 523(a)(8)(B) of the Bankruptcy Code provides, in pertinent part:

§ 523(a):

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made

under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit scholarship or stipend, unless—

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents. [11 U.S.C. § 523(a)(8)(B) ].

■ As alleged, the Debtor seeks to discharge the loans on the basis of a hardship. In support of his position, he contends that repayment of the loan balances would cause him undue hardship due to his condition of depression and inability to earn sufficient income. A close examination of the evidence admitted and much of which was demonstrated by the Debtor, reflects findings to the contrary. The evidence shows (1) that the Debtor only recently began to make sincere efforts to obtain employment approaching the eve of this adversary proceeding; (2) the evidence was devoid of any certifiable disability or other deficiency which would render the Debtor unemployable or in any manner diminish his potential for earning an income commensurate with his educational background and work experience. This is of particular significance as the burden of proving the existence of a qualifying hardship under § 523(a)(8)(B) is upon the Plaintiff Debtor.

The Debtor focused much attention regarding his purported state of depression and other alleged stress factors which emanated from the termination of his former marriage. The evidence, however, does not substantiate any medical or emotional hardship in this regard. The testimony reflects the Debtor has been treated for depression since 1992 (Debtor, Direct). No expert testimony was introduced to corroborate this testimony. Other than an appointment in November of 1996, approximately one month prior to the present trial, the Debtor last saw a physician some two years ago (Debtor, Cross–Exam). Additional evidence which vitiates the Debtor's claim of hardship due to depression or other stress factors is found in his own exhibits which reveal "Yes, I am 53

---

1. The Debtor, a certified public accountant, is    proceeding in this action *pro se.*

but do not let that be a concern. I can and will blow past most 35 year-olds both physically and mentally. Also I am from the 'old' school regarding a hard and steady work ethic." Plaintiff's Exh. 3–6–1; 3–7; 3–8; 3–9 and 3–10. Significantly, this correspondence prepared by the Debtor was dated December 2, 1996 on the eve of this trial proceeding and in no manner reflects any incapacitating disability to support a hardship finding.

The Debtor's contention that much of his present status in terms of depression/stress attributed to his failed marriage was inadequately substantiated. His own testimony revealed that he was officially divorced in 1995 (Debtor, Cross Exam). Nevertheless, he was engaged in June of 1994 to be married to another, (*Id.*).

The Debtor's financial plight, to a significant degree, is self-imposed. As stated above, the evidence adduced shows that the Debtor made efforts in earnest to find employment only on the eve of this trial proceeding wherein he was successful in obtaining employment. (Exh. 3–15; Direct Exam). The Debtor sought voluntary bankruptcy relief by filing his Chapter 7 petition on July 31, 1996. Between January of 1996 and November, 1996, he conceded that he talked with only two (2) job prospects (Debtor, Cross–Exam). Furthermore, between 1993 and November of 1996, there was a noticeable lack of job searching activity (Debtor, Cross–Exam). This is further explained by the Debtor's testimony during direct examination where he testified that he did not want just a job but, rather, he was looking for something that would give him ownership rather than a position as a mere employee. (See also, Debtor, Cross–Exam).

The Debtor presents himself as a rather bright individual who is college trained with a degree in business administration from a reputable institution of higher learning. He successfully passed all five parts of the certified public accounting examination upon an initial sitting. He worked as a CPA some thirteen to fifteen years and has owned his own businesses since the early 1970's with two of them currently in operation. It is further undisputed that the Debtor has no dependents and owns a home valued slightly more than $100,000.00 (Debtor, Cross–Exam). He currently holds a nonpractice or transitional permit regarding his ability to actively practice as a (CPA) but explained on direct examination he is in this status because of the time and cost to take the courses required to renew his license. He never explained why he allowed his active license to expire in the first place nor denied that he is able to reactivate his license.

The Debtor owns two companies, D.M. Burgess & Associates, Inc., and Platinum Synergy Group, Inc.. From these sources, he earns his self-employment income. (Debtor, Direct Exam). These companies are currently operational and are not the subject of a bankruptcy filing. (See, Exh. 2–6). His recently acquired employment as an accountant/software trainer will pay him $2,254.00 per month or $27,040.00 per year. (Debtor, Direct Exam; Exh. 3–15).

In summary, any hardship which the Debtor may be undergoing is supported insufficiently in the record to warrant the subject loans being discharged in his bankruptcy case. In other words, the Debtor has failed to prove any "undue" hardship, as is required under § 523(a)(8)(B).

Accordingly, judgment is hereby rendered in favor of the Defendant USA Funds. Each party is to bear its respective costs.

IT IS SO ORDERED.

### *JUDGMENT*

In Cleveland, in said District, on this 10th day of January, 1997.

A Memorandum Of Opinion And Order having been entered in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment is rendered in favor of the Defendant Bank One Cleveland, N.A.. Each party is to bear its respective costs.